**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOLORES J. LASSO,** | : | |
| **Individually and as** | : | |
| **Administratrix of the ESTATE of** | : | |
| **FRANCISCO VELASQUEZ,** | : | |
| **Deceased** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 25-4371** |
| | : | |
| **WHEELABRATOR GROUP,** | : | |
| **INC.,** *et al.* | : | |
| | : | |

**MEMORANDUM OPINION**

**Henry, J.**                                                                                           **February 24, 2026**

Pending before the Court is Plaintiff Dolores J. Lasso's Motion to Remand this case to the Court of Common Pleas of Philadelphia County (ECF No. 11) ("Mot."). Plaintiff argues that the removing Defendant, Wheelabrator Group, Inc., violated the "rule of unanimity" in failing to obtain consent in writing prior to removal from certain co-Defendants and that the Court lacks subject matter jurisdiction because Wheelabrator Group, Inc. improperly attempted to apply the doctrine of snap removal. Finally, Plaintiff seeks an award of fees and costs associated with her Motion. *Id.* In its Opposition brief (ECF No. 15) ("Opp."), Wheelabrator Group, Inc. raised for the first time its contention that removal was proper because the forum Defendants were fraudulently joined. At oral argument, counsel for Wheelabrator Group, Inc. conceded that the doctrine of snap removal does not apply to this case and reiterated its belief that certain non-diverse defendants were fraudulently joined to defeat federal jurisdiction.

I hold that the non-diverse parties were not fraudulently joined, so this Court lacks subject matter jurisdiction over the case. Therefore, I decline to reach the "rule of unanimity" argument. I also decline to award Plaintiff her requested attorneys' fees and costs.

## I.    Background

This is a products liability case in which Plaintiff brings claims individually and on behalf of the estate of her deceased husband (the "Decedent") against Wheelabrator Group, Inc., Wheelabrator Group, Wheelabrator Corporation, Norican Group, Norican Global A/S, K.J.S. Industrial Services, Inc. ("KJS"), Kasco Sales, Inc. ("Kasco"), and several John Does. Plaintiff alleges that Decedent suffered fatal injuries while at work as a result of a defect of a Wheelabrator machine. *See* ECF No. 1-1 ("Compl.") at ¶¶ 2-5. Plaintiff alleges that Defendants Wheelabrator Group, Inc., Wheelabrator Group, Wheelabrator Corporation, Norican Group, Norican Global A/S, and John Does designed, assembled, manufactured, retailed, sold, supplied, and/or distributed the Wheelabrator that caused the fatal injuries. *Id.* at ¶ 60. She also alleges that Defendants KJS, Kasco, and certain John Doe distributors, retailers, and/or installers designed, assembled, manufactured, retailed, sold, supplied, distributed, and/or installed the Wheelabrator for use at the facility where Decedent was working. *Id* at ¶ 61. Plaintiff brings causes of action for strict products liability (Count I), negligence (Counts II, IV, and V), breach of warranty (Count III), wrongful death (Count VI), and the Survival Act (Count VII).

Plaintiff is a Pennsylvania resident. *Id.* at ¶ 7. She alleges that Defendant Wheelabrator Group, Inc. is a Delaware corporation, *id.* at ¶ 10; Defendants Wheelabrator Group, Wheelabrator Corporation, and Norican Group are Georgia companies with primary places of business in Georgia, *id.* at ¶¶ 13, 16, 19; Defendant Norican Global A/S is a Denmark corporation with a primary place of business in Denmark, *id.* at ¶ 22; and Defendants KJS and Kasco are Pennsylvania corporations with primary places of business in Pennsylvania, *id.* at ¶¶ 25, 28.

Plaintiff filed her Complaint in the Philadelphia Court of Common Pleas on July 1, 2025. *Id.* at 41. Defendant Wheelabrator Group, Inc. removed the case to the Eastern District of Pennsylvania on July 31, 2025. *See* ECF No. 1 (Notice of Removal) ("Not."). In its Notice of Removal, Wheelabrator Group, Inc. stated that "[a]s of the time of this filing, no defendant has been served in this case who exists as a legal entity in Pennsylvania, or has its principal place of business in Pennsylvania," and because "Defendant Wheelabrator Group, Inc. is a Delaware Corporation with a principal place of business in Georgia[,]" "diversity of citizenship is met as to Plaintiff and the aforementioned Defendant." *Id.* at ¶¶ 11-12.

Plaintiff filed the instant Motion to Remand on August 19, 2025, arguing that removal was procedurally deficient because at the time of removal, Defendants Wheelabrator Group, Inc., Wheelabrator Group, Wheelabrator Corporation, and Norican Group had all been properly joined and served, but Wheelabrator Group, Inc. removed the action without the rest of the joined and served Defendants' consent. Mot. at 9-10. Plaintiff also argued that removal was substantively deficient because there was no complete diversity of citizenship at the time of removal. *Id.* at 12. This, Plaintiff contended, would defeat Wheelabrator Group, Inc.'s attempt to invoke the theory of "snap removal," which allows a forum defendant to remove a case before they are joined and served, but only if the Court would otherwise have original jurisdiction. *Id.* at 12-13. Finally, Plaintiff sought attorneys' costs and fees associated with the Motion, calling it unnecessary and avoidable motion practice. *Id.* at 14.

In Opposition, Wheelabrator Group, Inc.[1] argues first that the Notice of Removal did not require the consent of Wheelabrator Group, Wheelabrator Corporation, or Norican Group because there are no existing active legal entities by those names. *See* ECF No. 15 ("Opp.") at 4-5. Second,

---

[1] Wheelabrator Group, Inc. says it is now known as Norican Group North America, Inc. and refers to itself throughout its Opposition brief as NGNA. For the sake of continuity, I will refer to it only as Wheelabrator Group, Inc. throughout this opinion.

it argues for the first time that complete diversity exists because the forum Defendants, KJS and Kasco, were fraudulently joined. *Id.* at 6-8. Finally, it opposes an award of attorneys' fees and costs, arguing that it had an objectively reasonable basis for removing the case. *Id.* at 8.

I heard oral argument on the Motion on September 25, 2025. There, Wheelabrator Group, Inc. conceded that it was no longer pursuing the snap removal argument made in its Notice of Removal and reiterated that its basis for removal was that KJS and Kasco were fraudulently joined, and therefore, there is complete diversity between the parties. Wheelabrator Group, Inc. further noted that, at the time of the hearing, Plaintiff had not even attempted service on KJS or Kasco, and that it believed that KJS and Kasco were no longer in operation.

On November 13, 2025 Plaintiff filed proof of service upon KJS and Kasco. *See* ECF Nos. 24-25. On January 19, 2025, Plaintiff asked the Court to enter default as against KJS and Kasco, which the Clerk of Court entered on February 5, 2026. Plaintiff has not yet moved for default judgment as against KJS or Kasco, but before this Court could even entertain such a motion, I must decide whether the Court has subject matter jurisdiction in this case—that is, the Motion to Remand must be decided before default judgment may proceed. *See Weaver v. Am. States Ins.*, No. 23-cv-527, 2023 WL 6541037, at *1 (W.D. Pa. Oct. 6, 2023) ("Prior to the entry of default judgment, the District Court must satisfy itself that it has both subject matter jurisdiction over the action and personal jurisdiction over the defendant against whom the default judgment is sought.").

## II.    Fraudulent Joinder

28 U.S.C. § 1332(a)(1) grants original jurisdiction to federal courts over civil actions in which the matter in controversy exceeds $75,000 and that are between citizens of different states, known as diversity jurisdiction. 28 U.S.C. § 1441(b) allows a defendant to remove a case filed in state court to federal court on the basis of diversity, so long as no defendant is a citizen of the state in which the action is brought. An exception to this rule is the doctrine of fraudulent joinder,

4

which "permits the removal of a case to federal court despite the presence of a non-diverse defendant when the non-diverse defendant was joined to defeat subject matter jurisdiction." *Adams v. Glen at Shawmont Station*, No. 25-cv-4231, 2025 WL 2936889, at *2 (E.D. Pa. Oct. 15, 2025). If the court finds that a non-diverse defendant was fraudulently joined, it may dismiss that defendant and keep the case in federal court. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

The removing party carries a "heavy burden of persuasion" in showing fraudulent joinder. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). "[J]oinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Briscoe*, 448 F.3d at 216 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). In other words, the claims against the non-diverse defendant must be deemed "wholly insubstantial and frivolous." *Id.* at 218. "The Third Circuit has emphasized that the district court must not conduct a merits determination within the context of a fraudulent joinder inquiry, and must be careful not to delve too deeply into substantive matters." *Corbitt v. Progressive Advanced Ins. Co.*, No. 24-cv-25, 2024 WL 3679004, at *4 (E.D. Pa. Aug. 5, 2024). Indeed, "[f]raudulent joinder analysis is less probing than the standard of review for a Rule 12(b)(6) motion to dismiss or a summary judgment motion." *Wooten v. Boppy Co.*, No. 22-cv-4341, 2023 WL 11826191, at *2 (E.D. Pa. Aug. 14, 2023). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotations omitted). The Court must "focus on the plaintiff's complaint at the time the petition for removal was filed . . . [and] assume as true all factual allegations of the complaint." *Batoff*, 977 F.2d at 851-52 (internal quotations omitted).

Wheelabrator Group, Inc. alleges that Plaintiff fraudulently joined KJS and Kasco because Plaintiff has "no real intention in good faith to prosecute the action against the defendant[s] or seek a joint judgment," and there is "no reasonable basis in fact or colorable ground" for any of Plaintiff's claims against KJS and Kasco.  Opp. at 8.

### a.  Timeliness of Raising Fraudulent Joinder

Wheelabrator Group, Inc. raises fraudulent joinder for the first time in its Opposition brief; it does not appear in the Notice of Removal as one of the bases for removal.  This alone would be sufficient for me to remand the case based on procedurally improper removal.  *See Stanley v. Lowe's Cos., Inc.*, No. 19-cv-15436, 2020 WL 1531387, at *4 (D.N.J. Mar. 31, 2020) ("Courts have found the notice of removal procedurally deficient and remanded the action where the defendant fails to raise fraudulent joinder until opposition to a remand motion"); *Egger v. Marriott Int'l, Inc.,*, No. 10-cv-6274, 2011 WL 6133280, at *2 n.2 (E.D. Pa. Dec. 8, 2011) ("Defendants' failure to assert fraudulent joinder . . . in their Notice of Removal is fatal to their attempt to establish removal jurisdiction on that basis.").

Wheelabrator Group, Inc. could have amended its Notice of Removal to properly include fraudulent joinder within the thirty-day period within which an action may be initially removed. *See Egger*, 2011 WL 6133280, at *3 ("Defendants are permitted to freely amend their Notice of Removal prior to the expiration of the thirty-day period within which an action may be removed."). However, it never made such an amendment.

That being said, a Court may still conduct a fraudulent joinder analysis even if fraudulent joinder was not timely raised.  *See, e.g.*, *Egger*, 2011 WL 6133280, at *4; *Janaski v. Dettore*, No. 15-cv-00572, 2015 WL 1573670, at *3 n.3 ("Because a defendant is sometimes permitted to amend its notice of removal after the deadline has passed, however the Court will consider the substance of [defendant's] fraudulent joinder argument.").  Even though I could remand the case based on

the untimeliness of the fraudulent joinder alone, I hold that remand is still proper even after a fraudulent joinder analysis.

### b.  Intent to Prosecute

Although Wheelabrator Group, Inc.'s arguments as to why Plaintiff has not shown a good faith intent to prosecute this action as against KJS and Kasco are not entirely clear, it appears that it takes issue with the fact that Plaintiff's counsel had not effected service on KJS or Kasco at the time of filing the Opposition brief.  Opp. at 7-8.  It is true that, according to the proofs of service filed November 13, 2025, Plaintiff did not serve Kasco and KJS until September 11, 2025.  But for the purposes of a fraudulent joinder analysis, the fact that Plaintiff served KJS and Kasco at all demonstrates at least some intent to prosecute the action against them.  *See Weaver*, 2023 WL 6541037, at *3 ("Since Plaintiffs have served [the forum defendant] with process and are now attempting to enforce their claims by seeking a default judgment against it, the Court must conclude that Plaintiffs have done enough to show that they intend to prosecute the action against [the forum defendant].").  I hold that Wheelabrator Group, Inc. has not met its heavy burden of showing that KJS and Kasco were fraudulently joined because Plaintiff lacks a good faith intent to prosecute this action against them.

### c.  Colorable Claims

I begin the analysis of whether Wheelabrator Group, Inc. has shown that Plaintiff has not stated any colorable claims against KJS and Kasco by noting that, at oral argument, counsel for Wheelabrator Group, Inc. raised the fact that it appears KJS and Kasco are no longer in operation. But whether those companies are still in operation or have otherwise dissolved does not affect whether any claims against them are colorable at this stage in the litigation, especially because Wheelabrator Group, Inc. has not alleged that the companies dissolved before any liability may

have incurred.  *See Jocz v. Eichleay Eng'rs, Inc.*, No. 08-cv-4063, 2008 WL 5157503, at *3-4 (E.D. Pa. Dec. 9, 2008).

Plaintiff brings five causes of action against KJS and Kasco:  (I) Strict products liability; (II) Negligence; (III) Breach of warranty; (VI) Wrongful death; and (VII) Survival Act.  For the purposes of a fraudulent joinder analysis, I need only determine that any one of these causes of action against KJS and Kasco is colorable.

Plaintiff alleges that KJS and Kasco "designed, assembled, manufactured, retailed, sold, supplied, distributed, and/or installed" the Wheelabrator at issue at the facility where Decedent worked, *see* Compl. at ¶ 61, that they "knew, or in the exercise of a reasonable degree of care, should have known that devastating injuries would result if workers were exposed to the Subject Wheelabrator's unguarded pinch point," *id.* at ¶ 70, that "[a]s a result of the carelessness, negligence and reckless conduct of . . . [KJS and Kasco], Plaintiff's Decedent sustained injuries that ultimately led to his death," *id.* at ¶ 71, and that Decedent's death "was the direct and proximate result of the negligence, carelessness, recklessness, and outrageous conduct of" KJS and Kasco, *id.* at ¶ 72.

Defendant Wheelabrator Group, Inc., as the removing party, bears the burden of showing that these allegations are so threadbare as to not even state a colorable claim against forum defendants KJS and Kasco.  *See Boyer*, 913 F.2d at 111.  Wheelabrator Group, Inc. has not provided any explanation as to why those allegations against KJS and Kasco are insufficient to state a colorable claim—which is a burden lighter than that required to survive a 12(b)(6) motion to dismiss.  I therefore decline to hold that Plaintiff has not stated any colorable claim against KJS and Kasco, and therefore, I hold those parties were not fraudulently joined.

Because there is no fraudulent joinder, there is not complete diversity between the parties, and this Court does not have subject matter jurisdiction. I therefore need not reach the issue of whether consent to removal by the other Wheelabrator entities was necessary.

## III.    Attorney's Fees and Costs

In her Motion to Remand, Plaintiff seeks costs and fees associated with the Motion. Pursuant to 28 U.S.C. ¶ 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff contends that she is entitled to attorney's fees because she immediately notified Defendant Wheelabrator Group, Inc. that removal was improper when it informed her of its intent to remove the case, and that despite this—and despite ample time for research into the propriety of removal—it still removed the case. Wheelabrator Group, Inc. opposes this request, arguing that it "has demonstrated an objectively reasonable basis for the removal: Plaintiff's inclusion of non-diverse defendant entities in the Complaint without sufficient support of the allegations against those entities, other than simply to defeat diversity." Opp. at 8.

A court may award attorney's fees "where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Courts in the Third Circuit have interpreted this to mean that, even if the basis for removal is untimely, as long as it was reasonable, attorney's fees should be denied. *See Stanley*, 2020 WL 1531387, at *5 ("Defendants failed to assert in the Notice of Removal that diversity jurisdiction existed because Plaintiff fraudulently joined Individual Defendants. Without reaching the merits of Defendants' fraudulent joinder argument made in opposition to remand, the Court finds Defendants' argument sufficiently colorable to provide an objectively reasonable basis for removal. Because there is an

9

objectively reasonable basis to seek removal, even though Defendants did not timely raise it, the Court denies Plaintiff's request for reasonable attorney's fees.").

Here, Wheelabrator Group, Inc.'s purported basis for removal—fraudulent joinder—although untimely and ultimately unsuccessful, is still a reasonable basis for removal. I therefore deny an award of attorneys' fees and costs.

## IV.   Conclusion

For the foregoing reasons, I grant Plaintiff's Motion to Remand but deny her request for attorney's fees and costs. An appropriate Order follows.